UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SPORTS CAPITAL HOLDINGS ) | | |
| (ST. LOUIS), LLC, AND KIEL ) | | |
| CENTER PARTNERS, LP, ) | | |
| D/B/A SCOTTRADE CENTER, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Case No. 4:12CV1108 SNLJ | |
| ) | | |
| SCHINDLER ELEVATOR CORPORATION ) | | |
| AND KONE, INC. F/K/A MONTGOMERY ) | | |
| KONE INC., F/K/A MONTGOMERY ) | | |
| ELEVATOR COMPANY, ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' request to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The motion has been briefed and is ready for disposition.

**I.  Background**

This lawsuit arises out of a catastrophic mechanical failure of an escalator inside the Scottrade Center, resulting in the injuries of several persons riding the escalator, as well as damage to the escalator itself. This lawsuit was originally filed in the Circuit Court for the City of St. Louis and was removed to this Court based on diversity jurisdiction. Plaintiffs filed a multi-count complaint against defendant Schindler alleging breach of contract, fraudulent misrepresentation, negligent misrepresentation, negligent hiring, negligent training, negligent supervision, implied indemnity, and punitive

damages. Schindler filed a motion to dismiss the claims for fraudulent misrepresentation, negligent misrepresentation, negligent hiring, negligent training, negligent supervision, and punitive damages. On January 2, 2013, this Court granted Schindler's motion and the claims were dismissed with prejudice. The claims remaining against Schindler were breach of contract and implied indemnity.

On September 3, 2013, plaintiffs filed a first amended complaint against defendant Schindler and adding defendant KONE. The first amended complaint included claims of breach of contract (Count I) and implied indemnity (Count IV) against Schindler and strict liability defective product (Count II), negligent design and manufacture (Count III), implied indemnity (Count IV), and punitive damages (Count V) against KONE. In response to the first amended complaint, both defendants filed motions to dismiss. Schindler's motion sought dismissal of certain damages claims in Count I and the implied indemnity claim in Count IV. KONE's motion sought dismissal of plaintiffs' claims in Counts II, III, IV, and V.

On April 10, 2014, this Court ruled on the motions to dismiss. *Sports Capital Holdings (St. Louis), LLC. v. Schindler Elevator Corp.*, 4:12CV1108 SNLJ, 2014 WL 1400159 (E.D. Mo. April 10, 2014). The Court granted defendant Schindler's motion to dismiss. Due to a contractual liability limitation in the contract with Schindler, the Court found that plaintiffs' claims for damages against Schindler are limited to the annual price of the parties' contract and reasonable attorneys' fees and costs. The Court dismissed with prejudice all other damages pled by plaintiffs that are expressly barred by the contract, including damages for loss of use, loss of goodwill, and damages incurred as a

2

result of claims by injured third-parties. Additionally, the Court dismissed the implied indemnity claim in Count IV. Defendant KONE's motion was granted in part and denied in part. Due to pleading deficiencies, the implied indemnity claim in Count IV and the separate punitive damages claim in Count V were dismissed without prejudice. The motion was denied in all other respects.

Following the Court's Order, plaintiffs filed a request for leave to file a second amended complaint. By the second amended complaint, plaintiffs seek to address the deficiencies in their first amended complaint found by the Court. The second amended complaint re-pleads the implied indemnity claim against both defendants and the punitive damages claim against KONE. Schindler and KONE oppose the filing of the second amended complaint.

**II.     Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings. "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). However, parties do not have an absolute right to amend their pleadings, even under this liberal standard. *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the discretion of the court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). A district court appropriately denies a movant for leave to amend if there are compelling reasons such as "undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Id.* The party opposing the amendment has the burden of

demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dept.,* 241 F.3d 992, 995 (8th Cir. 2001).

## III. Discussion

### A. Defendant KONE

KONE opposes the second amended complaint arguing that it is untimely under the First Amended Case Management Order and that if allowed the "untimely amendment will result in the necessity of filing additional written discovery." The only prejudice KONE alleges is the untimeliness and the need for additional written discovery. The Court does not find either of these arguments compelling. KONE does not suggest that there are any deficiencies in the pleading of the re-stated claims for implied indemnity and punitive damages.

Plaintiffs filed their request for leave to file a second amended complaint within seven days of the Court's Order dismissing the implied indemnity and punitive damages claims. It is apparent that KONE's true complaint as to timeliness is based on the timing of the Court's ruling on the motions to dismiss after the deadline in the CMO for filing of motions to amend pleadings. In its opposition to the request, KONE suggests that if the amendment is allowed, the Court owes it an amendment of the current CMO stating "it would appear that this Court has invited the amendment plaintiffs are seeking." Further, KONE argues that it needs additional time to "propound additional discovery to plaintiffs based upon the newly amended complaint and also to conduct discovery on the complex issues raised in this litigation." However, the claims stated in the second amended complaint are the same claims that were stated in the first amended complaint. KONE

was aware of the claims and has had an opportunity to conduct discovery on those claims. There is nothing new or surprising about the second amended complaint that would require new discovery that could not have been contemplated based on the first amended complaint. This Court will allow the filing of the second amended complaint as to defendant KONE but will deny the request for an amendment of the CMO.

B.      **Defendant Schindler**

Schindler opposes the second amended complaint for the reason that the implied indemnity claim is premised solely on damages related to third-party claims, which Schindler maintains are barred by the Court's prior Order of April 10, 2014. Further, Schindler argues that to the extent plaintiffs are attempting to plead punitive damages in the implied indemnity claim, as set forth in the "Wherefore" paragraph, such a claim would be barred by the Court's prior Order of January 2, 2013. Schindler is correct.

As pled in the second amended complaint, the implied indemnity claim is premised entirely on damages allegedly incurred as a result of claims made by injured third parties that were satisfied by plaintiffs. Such damages are barred by the parties' contract and this Court's prior Order of April 10, 2014. Specifically, this Court held that all "damages that are expressly barred by the parties' contract, including damages for loss of use, loss of goodwill, and damages incurred as a result of claims by injured third-parties, are dismissed with prejudice."

Apart from the implied indemnity claim in Count IV, the second amended complaint re-states the breach of contract claim against Schindler that remains following the Court's Order of April 10, 2014. Because the Court is allowing the filing of the

5

second amended complaint against defendant KONE, plaintiffs' second amended complaint is allowed and shall be filed as to Schindler with the exception that Count IV is stricken.

## IV. Conclusion

The Court will grant plaintiffs leave to file the second amended complaint as set forth herein.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' request for leave to file a second amended complaint (ECF #67) is **GRANTED**. Plaintiffs' second amended complaint is allowed and shall be filed in its entirety as to defendant KONE, Inc. Plaintiffs' second amended complaint is allowed and shall be filed as to defendant Schindler Elevator Corporation with the exception that Count IV is stricken.

Dated this 2nd day of May, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE